951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry E. COLLINS; John K. Grauberger; Phil J. Chapple,
Plaintiffs-Appellants,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, Defendant-Appellee.
 No. 91-35163.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1991.*
Decided Dec. 20, 1991.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Collins and others, all former employees of Burlington Northern ("BN"), appeal the district court's dismissal for lack of subject matter jurisdiction. Their action challenged the outcome of a completed arbitration proceeding in which the arbitrator denied their claim of benefits. The appellants had claimed benefits due to the adverse economic consequences they allegedly suffered as a result of the merger between BN and the St. Louis/San Francisco Railway ("Frisco merger").
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 This case has been before the federal courts for seven years. In its first appearance in this court, the panel in Collins v. Burlington Northern Railroad Co., 867 F.2d 542, 544 (9th Cir.1987), held that pursuant to 49 U.S.C. § 11347, arbitrations of disputes arising from conditions imposed by the Interstate Commerce Commission were mandatory. The court remanded the case to the district court, however, to determine whether a stay should have been entered and an order compelling arbitration granted. The district court lacked jurisdiction, however, to "entertain unexhausted substantive claims." Id. at 545.
 
 
 4
 An arbitration committee was formed although the district court retained jurisdiction for the sole purpose of enforcing the arbitration provisions imposed under § 11347 and New York Dock Railway-Control-Brooklyn Eastern District Terminal, 360 I.C.C. 60, aff'd, 609 F.2d 83 (2d Cir.1979). The committee determined that "while there has clearly been a loss of employment in Laurel, Montana, there has been absolutely no showing that the Frisco merger even remotely caused or led to any of the loss of employment or adverse positioning." The district court considered the matter closed in favor of the defendants. "Upon termination of the arbitration proceedings, this court no longer retains jurisdiction--nothing is left for this court to 'enforce.' "
 
 
 5
 The district court dismissed the appellants' argument that it had the power to set aside the arbitrator's award. "Plaintiffs ignore the plain import of the statutory and case law in asserting this position. An arbitrator's award is treated as an order of the Interstate Commerce Commission. Such orders may be appealed only to the courts of appeals." See 28 U.S.C. §§ 2321(a), 2342; Brotherhood of Railway Carmen v. CSX Transportation, Inc., 855 F.2d 745, 748-749 (11th Cir.1988), cert. denied, 489 U.S. 1016 (1989).
 
 ANALYSIS
 
 6
 The district court clearly did not have the jurisdiction to review the decision of the arbitration committee. "Congress conferred exclusive jurisdiction on the court of appeals 'to enjoin, set aside, suspend (in whole or in part), or to determine the validity of ... (5) all rules, regulations and final orders of the Interstate Commerce Commission....' " United Transportation Commission v. Norfolk and Western Railway Co., 822 F.2d 1114, 1120 (D.C.Cir.1987), cert. denied, 484 U.S. 1006 (1988) (citing 28 U.S.C. § 2342). "Since 1975, ICC orders have been subject to direct review in the court of appeals." Owner-Operators Independent Drivers Ass'n v. Skinner, 931 F.2d 582, 586 (9th Cir.1991). Since arbitration is mandatory as imposed by the I.C.C., the arbitrator's decision is a final order. We hold that the district court correctly determined that it lacked jurisdiction to hear this case.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3